IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

RONNIE STEELE                                                                      PLAINTIFF

v.                                          Civil No. 1:20cv207-HSO-RHWR

GRAHAM T. PHILLIPS                                       DEFENDANT

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT GRAHAM T. PHILLIPS'S MOTION [25] FOR PARTIAL SUMMARY JUDGMENT**

BEFORE THE COURT is the Motion [25] for Partial Summary Judgment filed by Defendant Graham T. Phillips on June 2, 2021. This Motion is fully briefed. Having considered the Motion [25] on its merits, the related pleadings, the record, and relevant legal authority, the Court is of the opinion that Defendant's Motion [25] for Partial Summary Judgment should be granted, and that Plaintiff Ronnie Steele's claim for punitive damages should be dismissed with prejudice.

I.   BACKGROUND

On May 5, 2019, Defendant Graham Phillips ("Defendant" or "Phillips") was driving eastbound on the Interstate 10 ("I-10") Highway in Jackson County, Mississippi, when he rear-ended a vehicle driven by Plaintiff Ronnie Steele ("Plaintiff" or "Steele"). Not. [1-1] of Rem. at 3. Defendant was traveling "around 80" miles per hour at the time of the collision. *See* Mem. [27-1] at 8. Plaintiff filed suit on May 28, 2020, alleging that the accident caused him to suffer serious

1

injuries "to his heart, neck, back, left arm and shoulder." Compl. [1-1] at 4. His claim for damages includes past and future medical bills, pain and suffering, mental and emotional distress, lost wages, permanent impairment, and permanent disfigurement, along with a request for punitive damages. *Id.* at 4-5. According to the Complaint, Defendant's conduct was "reckless and grossly negligent, and evidences a total and/or wanton disregard for the life and welfare of the public," such that he seeks an award of punitive damages. *Id.* at 5.

Defendant removed the case to this Court on June 25, 2020, on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332. Plaintiff is a citizen of Mississippi, Defendant is a citizen of Alabama, and the amount in controversy exceeds $75,000.00. Not. [1] of Rem. at 2. Defendant's present Motion [25] argues that punitive damages are not appropriate, and that Plaintiff's request for them should be dismissed. Mem. [26] at 2.

## II. DISCUSSION

A.   Summary judgment standard

Federal Rule of Civil Procedure 56(a) states that summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  In deciding whether summary judgment is appropriate, the Court views all facts and inferences in the light most favorable to the nonmoving party. *RSR Corp. v. Int'l Ins. Co.*, 612 F.3d 851, 858 (5th Cir. 2010).

To defeat a motion for summary judgment, the non-moving party must show that there are specific facts demonstrating the existence of a genuine issue of material fact for resolution at trial. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). "A fact is 'material' if its resolution in favor of one party might affect the outcome of the lawsuit." *Sossamon v. Lone Star State of Texas*, 560 F.3d 316, 326 (5th Cir. 2009). "A genuine dispute of material fact means that evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Royal v. CCC & R Tres Arboles, L.L.C.*, 736 F.3d 396, 400 (5th Cir. 2013) (quotation marks omitted).

B.   <u>Punitive damages under Mississippi law</u>

Mississippi law provides that

> [P]unitive damages may not be awarded if the claimant does not prove by clear and convincing evidence that the defendant against whom punitive damages are sought acted with actual malice, gross negligence which evidences a willful, wanton or reckless disregard for the safety of others, or committed actual fraud.

Miss. Code § 11–1–65(1)(a) (West 1993).

As noted by one federal court, Mississippi state courts are generally resistant to awarding punitive damages in automobile collision cases, especially those that involve "mere commission of traffic violations." *Walker v. Smitty's Supply, Inc.*, No. 5:06cv30-DCB-JMR, 2008 WL 2487793, at *6 (S.D. Miss. May 8, 2008). The Mississippi Supreme Court has held that punitive damages are reserved for the most extreme cases, and "should be allowed only with caution and within narrow limits." *Wallace v. Thornton*, 672 So. 2d 724, 728 (Miss. 1996) (citing *Beta Beta*

3

*Chapter of Beta Theta Pi Fraternity v. May*, 611 So. 2d 889, 894 (Miss.1992)). Indeed, the Mississippi Supreme Court has consistently held that punitive damages are not appropriate in most cases. *See Bradfield v. Schwartz*, 936 So. 2d 931, 936 (Miss. 2006) ("In order to warrant the recovery of punitive damages, there must enter into the injury some element of aggression or some coloring of insult, malice or gross negligence, evincing ruthless disregard for the rights of others, so as to take the case out of the ordinary rule."); *see also Summers ex rel. Dawson v. St. Andrew's Episcopal Sch., Inc.*, 759 So. 2d 1203, 1215 (Miss. 2000) ("The kind of wrongs to which punitive damages are applicable are those which, besides the violation of a right or the actual damages sustained, import insult, fraud, or oppression and not merely injuries but injuries inflicted in the spirit of wanton disregard for the rights of others.").

Courts have refused to allow punitive damages in cases factually similar to this one. Perhaps the most factually analogous situation was *Terrell v. W.S. Trucking, Inc.,* No. 1:99CV307-D-D, 2001 WL 1593135 (N.D. Miss. Mar. 6, 2001). There, the defendant was driving almost 20 miles per hour over the speed limit on a highway and rear-ended a vehicle in which plaintiff was a passenger. *Id.* at *1. The Court granted the defendant's motion for partial summary judgment on the issue of punitive damages, citing a string of Mississippi Supreme Court precedent for the proposition that "punitive damages are not allowed where the claim arises from an alleged traffic violation." *Terrell,* 2001 WL 1593135, at *2 (citations omitted).

4

In the present case, neither party disputes that Defendant was negligent. Mem. [26] at 1. Although Defendant was admittedly speeding, based on the summary judgment evidence no reasonable jury could conclude by clear and convincing evidence that his conduct rose to the level of "gross negligence which evidences a willful, wanton or reckless disregard for the safety of others." Miss. Code § 11–1–65(1)(a). Based on the summary judgment record before the Court, this is not an appropriate case for punitive damages, and Defendant's Motion [25] should be granted.

### III.  CONCLUSION

The Court finds that Defendant's Motion [25] for Partial Summary Judgment should be granted, and that Plaintiff's claim for punitive damages should be dismissed.  To the extent the Court has not specifically addressed any of the parties' remaining arguments, it has considered them and determined that they would not alter the result.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Defendant Graham T. Phillip's Motion [25] for Partial Summary Judgment is **GRANTED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Plaintiff Ronnie Steele's claim against Defendant Graham T. Phillips for punitive damages is **DISMISSED WITH PREJUDICE**.

**SO ORDERED AND ADJUDGED**, this the 3rd day of December, 2021.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE